JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kernice Martin ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, a grand jury returned a two-count indictment in Case No. CR 471517 against appellant. Appellant was charged with aggravated burglary and domestic violence. Appellant executed a jury waiver and had a trial. He was found guilty of a lesser included offense, burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, and not guilty of count two.
 {¶ 3} Appellant appeared at the sentencing hearing. He had also entered a plea of guilty to drug trafficking, a felony of the fifth degree. The court sentenced appellant to a sentence of three years of community control sanctions, which included inpatient drug treatment. Appellant filed his notice of appeal and now seeks to have his conviction reversed.
 {¶ 4} According to the facts, Kristen Blocker ("Blocker") testified that she and appellant have two children together. Blocker testified that she and appellant lived together off and on since November 1996 until seven months prior to appellant's trial, when they broke up. She testified that on August 24, 2005, she had male company at her home, and appellant showed up at her house and knocked on her door. She testified that she went upstairs to call the police because appellant had been violent before, and he was continuously knocking at the door. Appellant eventually went around to the back door and started kicking the door. Blocker said she was afraid and ran out of the front door when appellant kicked in the back door. She testified that her friend drove her around the corner to Wendy's to call the police again. After half an hour to forty-five minutes passed, the police arrived and escorted Blocker back home. Upon returning home, Blocker noticed that her children were gone and a Playstation 2 was missing.
 {¶ 5} Later, appellant called Blocker and said he was not going to bring the children back unless she faced him first. She also testified that once appellant kicked the door in, it was not able to be closed, and the landlord had to nail it closed. When appellant kicked the door in, he actually took part of the kitchen wall with it.
 {¶ 6} Cleveland Police Department Detective Deidre Jones testified on behalf of the State of Ohio. Detective Jones' present duties are to investigate all cases of domestic violence. On August 24, 2005, Detective Jones took a written statement from Blocker and learned that she called 9-1-1 to advise them that appellant had broken into her house and taken their children.
 {¶ 7} In September of 2005, Detective Jones interviewed appellant. Appellant advised her that he did, in fact, go to Blocker's residence on August 24, 2005. Appellant admitted that he knocked on the door, and when no one responded, he took a bag off the back porch, parked three houses down the street and waited. Appellant told her that he got out of his car when he saw Blocker with "Juan" at the front porch, and started yelling. Detective Jones testified that appellant admitted Blocker could have been afraid of him because of his behavior.
 {¶ 8} Stephanie Shomon ("Shomon") testified for appellant. She described herself as a very good friend of appellant for almost two years. She put a vehicle in her name for him. Shomon testified that she was not present on August 24, 2005 when this incident occurred.
 {¶ 9} Appellant testified on his own behalf. Appellant has felony convictions for breaking and entering, drugs, and having a weapon while under disability. He has served 16 months of incarceration. He testified that he and Blocker had a nine-year on-again-off-again relationship in which they both would see other people. Appellant admitted that he was gone from the residence for a couple of months. Appellant further admitted that on August 24, 2005, he went to Blocker's door, then got into the car, drove down the street and sat there to see if she had any company. He said they came outside and he walked up to Juan. Appellant said Juan was afraid to shake his hand. He also testified that he was physically close to both Juan and Blocker. Appellant testified that the back door was not open that day.
 {¶ 10} On rebuttal, the state called Blocker, who denied telling Shomon that she was "putting on a show" with these charges. She further denied telling Shomon that she did not want to come to court on these charges.
 II. {¶ 11} Appellant's first assignment of error states the following: "The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 12} Appellant's second assignment of error states the following: "Appellant's conviction is against the manifest weight of the evidence."
 III. {¶ 13} Because of the substantial interrelation between appellant's two assignments of error, we shall address them together below. The test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same challenge based upon the sufficiency of the evidence to support a conviction. The standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence is as follows: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Thompson (1998), 127 Ohio App.3d 511, 713 N.E.2d 456.
 {¶ 14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 15} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may, nevertheless, conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jurors that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, their verdict shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 16} As to a claim that a judgment is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 20 Ohio B. 215,485 N.E.2d 717. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 17} The evidence in the case at bar contains substantial direct testimony supporting the charges. For example, regarding the burglary, Blocker testified that appellant kicked in the back door and caused damage to part of the kitchen wall. Both appellant and Blocker testified as to having an on-again-off-again relationship that ended prior to the incident in question. Moreover, appellant did not have permission to be at Blocker's home that day. Accordingly, appellant trespassed into the home and committed several offenses. Detective Jones and appellant both testified that appellant admitted to being at Blocker's home that day, parked down the street to wait for her to come out of the house, and made her afraid. Appellant also admits to knowing the back door was locked that day. The state demonstrated appellant knew the door was locked because he was at the back door knocking and kicked the door in to gain entry. Appellant admitted taking the children without consulting with Blocker first. We find that the evidence is sufficient to sustain a conviction for burglary. The trial court did not err in denying appellant's Crim.R. 29 motion for acquittal, and appellant's first assignment of error must be overruled.
 {¶ 18} Appellant argues in his second assignment of error that his conviction is against the manifest weight of the evidence. However, there is nothing in the record to suggest that the trial court "clearly lost its way" and created such a manifest miscarriage of justice as to require a reversal of appellant's conviction. The judge found beyond a reasonable doubt that on August 24, 2005, appellant committed the crime of burglary. The evidence supports this conviction, and as such, this is not an "exception case" warranting a new trial or a judgment of acquittal.
 {¶ 19} The state proved 1) that appellant kicked in Blocker's back door with enough force to damage the kitchen wall; 2) that appellant was present at Blocker's home that day without permission; 3) that appellant caused Blocker to be in such fear that she ran out of the front door when appellant kicked in the back door, and; 4) that appellant then entered the home and took the children and a Playstation 2 game without permission.
 {¶ 20} Accordingly, appellant's second assignment of error is overruled.
 {¶ 21} We find that the judgments of the trial court were supported by competent, credible evidence going to the essential elements of the case. Appellant's conviction for burglary is upheld.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and JAMES J. SWEENEY, J. CONCUR